# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-10-00037-CR

## In re Wesley Joe Jackson

**FROM THE DISTRICT COURT OF TRAVIS COUNTY, 331ST JUDICIAL DISTRICT
NO. 90,479, HONORABLE BOB PERKINS, JUDGE PRESIDING**

## M E M O R A N D U M   O P I N I O N

In 1988, a jury convicted appellant Wesley Joe Jackson of the offense of aggravated sexual assault and assessed punishment at 60 years' imprisonment. In 2004, Jackson filed a motion for post-conviction DNA testing. The district court granted the motion and ordered the Texas Department of Public Safety to conduct testing. Further testing was ordered on December 12, 2007.

DPS conducted testing on the physical evidence gathered after the assault, including vaginal swabs from the sexual assault kit and a towel used by the victim, and compared the results to Jackson's DNA profile. In the report of its findings, DPS concluded the following:

> The DNA profile from the sperm fractions of the vaginal swab and a stain from the towel is consistent with the DNA profile of Wesley Jackson. Wesley Jackson cannot be excluded as the contributor of the stains. The probability of selecting an unrelated person at random who could be the source of this DNA profile is approximately 1 in 410.7 sextillion for Caucasians, 1 in 25.60 quintillion for Blacks,[1] and 1 in 494.3 sextillion for Hispanics. To a reasonable degree of

---

[1] Jackson is an African-American male.

scientific certainty, Wesley Jackson is the source of the sperm fractions of the vaginal swab and the stain from the towel (excluding identical twins).

The partial DNA profiles from the stain from the towel packaging and the epithelial cell fraction of the vaginal swab are consistent with the DNA profile of [the victim].

On December 29, 2009, the district court entered findings of fact consistent with the above findings by DPS. The district court concluded that "[t]he above-described DNA testing did not yield any exculpatory results" and, "[h]ad the results of the above-described DNA testing been available during the trial in the instant case, it is reasonably probable that the defendant would have been convicted." *See* Tex. Code Crim. Proc. Ann. art. 64.04 (West 2009). This appeal followed.

Jackson's court-appointed attorney has filed a motion to withdraw supported by a brief concluding that the appeal is frivolous and without merit. The brief meets the requirements of *Anders v. California*, 386 U.S. 738 (1967), by presenting a professional evaluation of the record demonstrating why there are no arguable grounds to be advanced. *See also Penson v. Ohio*, 488 U.S. 75 (1988); *High v. State*, 573 S.W.2d 807 (Tex. Crim. App. 1978); *Currie v. State*, 516 S.W.2d 684 (Tex. Crim. App. 1974); *Jackson v. State*, 485 S.W.2d 553 (Tex. Crim. App. 1972); *Gainous v. State*, 436 S.W.2d 137 (Tex. Crim. App. 1969). Jackson received a copy of counsel's brief and has submitted a written response objecting to counsel's motion to withdraw and asserting reasons why he does not believe the appeal is frivolous.

We have reviewed the record, counsel's brief, and Jackson's written response and find no reversible error. *See Garner v. State*, 300 S.W.3d 763, 766 (Tex. Crim. App. 2009); *Bledsoe v. State*, 178 S.W.3d 824, 826-27 (Tex. Crim. App. 2005). We agree with counsel that the

appeal is frivolous and without merit.  Counsel's motion to withdraw is granted.  The district court's order is affirmed.


_____

Bob Pemberton, Justice

Before Chief Justice Jones, Justices Puryear and Pemberton

Affirmed

Filed:   January 20, 2011

Do Not Publish